The Chief Justice
delivered the opinion of the court.
Matheny purchased of East two lots in the town of Ni-¿holasville, then enclosed with a post and rail fence, arid having some other improvements on them; and after making additional improvements, discovered that these improvements, as well as a part of those that were made before his purchase, though within the fence with which the lots were enclosed, were out side of the true boundaries of the lots.
To obtain compensation for the loss of the improvements thus found to be out side of the true boundaries of the lots, and to have the same set off against a judgment recovered against him by East for a part of the price of thé lots, Matheny filed his bill with injunction, andón a final hearing the circuit Court, after having caused a jury to ascertain by their verdict the amount of compensation to which he was entitled for the loss of the improvements, directed that the injunction should be made perpetual for the sum so ascertained by the jury. And from that decree East has appealed to this court.
Though the bill charges East with fraud, in selling that which he knew he had no title, the evidence in. the cause is wholly insufficient to establish the charge. The estab-Jighment of the charge of fraud is not, however, indispen-sahly necessary, as we apprehend, to render him liable to make compensation for the loss of the improvements. The proof satisfactorily shews, that he represented to Matheny the fence enclosing the lots, as their boundary, and this representation, though innocently made, was untrue in fact. As Matheny, by confiding in this erroneous representation, was hiduccd to expend bis money in improvements made off the true boundaries of the lots, East, whose error produced the expenditure, ought, in equity aad good conscience, to sustain ¡0ss. With respect to Mathenv’s claim to an indemnity for the improvements on the lots when he purchased, thére is still less room to doubt of its propriety; for these improvements must, in proportion to their value, have tended to inhance the price of the lots, and consequently must have constituted a pari of the consideration which- *193 both parties expected Matheny to receive for the price which he agreed to give. ,
Bibb for appellant, Popí for appellee.
The decree must be affirmed with cost.